**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY ESNILSSEN RAMOS (A-No. 241-722-742),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-05290-JLT-EPG<br><br>ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 2) |

## I. INTRODUCTION

Before the Court is Anthony Esnilssen Ramos's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), a legal position that this Court has rejected repeatedly. (Doc. 6 at 2.) For the reasons set forth below the Court, **GRANTS IN PART** the habeas petition.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 4.) Respondents do not request a hearing or further briefing and ask this Court to rule directly on the petition. (Doc. 6 at 1–2.) As such, the Court decides this case on the underlying habeas petition.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. FACTUAL BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States in July 2022. (Doc. 1 at 12; Doc. 6 at 6.) At that time, Petitioner was encountered by immigration officials and released on parole pursuant to an Alternatives to Detention program. (Doc. 6 at 6.) On October 12, 2022, DHS issued a Notice to Appear charging Petitioner as removable under INA §§ 212(a)(6)(A)(i), (a)(7)(A)(i). (*Id*. at 6, 23.) On December 13, 2022, Petitioner filed an application for asylum which remains pending. (*Id*. at 6.) On June 16, 2023, Petitioner was approved for work authorization valid until July 5, 2025. (*Id*.) Then, on November 22, 2023, USCIS granted Petitioner's application for temporary protected status which was valid until April 2, 2025. (*Id*.) On December 22, 2023, an Immigration Judge dismissed the pending removal case against Petitioner. (*Id*.) Petitioner renewed his work authorization which is now valid until September 11, 2030. (*Id*. at 7.) Petitioner indicates that since his arrival in the United States, he has tried to comply with his release obligations and live a productive life, including maintaining steady employment and providing for his wife. (*See* Doc. 1 at 12–13.)

On or around April 6, 2026, Petitioner was arrested by local police in Utah for driving under the influence of alcohol under Utah Code Ann. § 41-6a-502.5. (Doc. 6 at 6–7, 14.) On June 2, 2026, Petitioner was convicted for this charge and sentenced to 180 days in jail. (*Id*. at 7, 14.) Upon his release from jail, Petitioner was detained by ICE. (Doc. 1 at 13; *see* Doc. 6 at 2, 7.) DHS subsequently issued a new Notice to Appear on June 3, 2026, again charging Petitioner as removable under the same INA provisions. (Doc. 6 at 7, 17–20.) Petitioner is not currently

subject to a final order of removal.[2] DHS eventually transferred Petitioner to the California City Detention Center, where he remains. (Doc. 1 at 14.) On June 30, 2026, Petitioner requested a custody redetermination hearing before an IJ, but the IJ denied the request for lack of jurisdiction.[3] (Doc. 1 at 15; Doc. 6 at 1 n.1.)

## IV. DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 6 at 2.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing. (*Id.*) Respondents make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of

---

[2] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that his removal proceedings are ongoing with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 20, 2026).

[3] The IJ denied bond for lack of jurisdiction but nonetheless indicated that "even if the [immigration] [c]ourt did have jurisdiction under [INA §] 236(a), [Petitioner] is a flight risk such that no amount of bond or conditions would secure his future court appearances." (Doc. 1 at 80.) The IJ also found that Petitioner's recent DUI conviction suggested he was a danger to the community. (*Id.*) Since it appears that the IJ failed to apply the correct burden of proof, (*see id.*) and because Respondents do not "oppos[e] . . . the Court ordering a bond hearing," (*see* Doc. 6 at 1), the Court finds the relief granted herein is appropriate. Additionally, to the extent Petitioner challenges the IJ's custody redetermination decision, he argues that the evidence was insufficient and "disagree[s] with being considered dangerous or a flight risk." (*See* Doc. 1 at 9–10, 15.) The Court **DENIES** any such argument because it challenges the sufficiency of the evidence supporting the IJ's decision, rather than any process ordered by *this* Court. Complaints about the conclusion an IJ reached must be presented through the normal immigration appeals process.

the Fifth Amendment.

However, that is not the end of the inquiry. Respondents also argue that petitioner is in pre-order detention due to his "criminal history." (Doc. 6 at 1.) Given Petitioner's recent DUI conviction, (Doc. 6 at 14), the Court finds that a bond hearing where the government bears the burden of proving flight risk or danger by clear and convincing evidence is appropriate.

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge handling the bond hearing. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.

6. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

///

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _July 24, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE