**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ANTONY ESNILSSEN RAMOS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

No. 1:26-cv-05290-JLT-EPG

A-Number: 241-722-742

ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION FOR RECONSIDERATION; AND GRANTING THE MOTION TO DISMISS IN PART

(Docs. 11, 12, 15, 16)

## I. INTRODUCTION

Before the Court is Antony Esnilssen Ramos' request for a temporary restraining order (Doc. 12), filed in conjunction with his second petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 11.) Petitioner also filed a motion for reconsideration and clarification of the Court's September 10, 2026, Minute Order. (Doc. 15.) Respondents filed a motion to dismiss the habeas petition. (Doc. 16.) For the foregoing reasons, the Court **DENIES** the petition for writ of habeas corpus, **DENIES AS MOOT** the request for a temporary restraining order, **DENIES** the motion for reconsideration, and **GRANTS IN PART** the motion to dismiss.

## II. BACKGROUND

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that by reference here. (*See* Doc. 9.) On July 24, 2026, the Court ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents were to bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the community. (*Id*. at 4.) On August 4, 2026, Petitioner appeared at a bond hearing represented by counsel, at which an immigration judge determined that Respondents had met their burden to prove that Petitioner's continued detention was justified based on danger. (Doc. 16 at 27-31; *see also* Digital Audio Recording "DAR".) On August 10, 2026, Petitioner appealed the IJ's determination to the Board of Immigration Appeals, which remains pending. (Doc. 1 at ¶ 6.)

On September 8, 2026, Petitioner filed a second *pro se* petition for habeas corpus and TRO in *Ramos vs. Warden*, Case No.: 1:26-cv-07166 DC-AC. Petitioner argues that his petition presents new grounds for relief, namely that he did not receive meaningful process because "material portions" of the August 4 bond hearing were not fully interpreted into the Spanish language. (Doc. 11 at ¶ 2.) Petitioner claims he did not knowingly waive complete interpretation, and because the bond hearing was not translated, he "could not understand the case advanced for continued incarceration or the explanation of the adverse ruling." (*Id*. at ¶ 4.) Moreover, he asserts that a complete audio recording or transcript of the bond proceeding have not been made available to him. (*Id*. at ¶ 2.) Petitioner specifically does not request a second bond hearing, even as alternative relief, but instead requests immediate release if the Court finds that his continued detention is unconstitutional following a review of the August 4, 202, bond hearing. (*Id*. at ¶ 8.)

On September 10, 2026, this Court reassigned Case No. 1:26-cv-07166 DC-AC to the undersigned under the new Case No. 1:26-cv-07166-JLT-EPG. This Court then ordered that the petition and TRO be filed in the earlier-filed case, *Ramos vs. Warden*, Case No. 1:26-cv-05290 JLT-EPG, and *sua sponte* ordered No. 1:26-cv-07166-JLT-EPG to be closed. Also on September 10, 2026, the undersigned issued a Minute Order in Case No. 1:26-cv-05290-JLT-EPG setting a briefing schedule for the TRO and ordering Respondents to provide the Court with the

documentation from the August 4, 2026, bond hearing, including a transcript of the hearing and, if available, the recording of the hearing. (Doc. 13.)

On September 14, 2026, Petitioner filed a motion for reconsideration and clarification of the Court's September 10, 2026, minute order. (Doc. 15.) First, Petitioner requests clarification of the case numbers referenced in the September 20, 2026, minute order.[1] (*Id*. at 1.) Second, Petitioner requests that the Court reconsider the premise that the second habeas petition and TRO "merely 'seek enforcement'" of the order in *Ramos v. Warden,* Case No. 1:26-cv-05290-JLT-EPG. (*Id*.) Petitioner argues that because the second habeas petition challenges a different alleged injury that could not have existed when his initial habeas petition was adjudicated, mainly the constitutional inadequacy of the August 4, 2026, bond hearing, it exists as a distinct, later arising § 2241 claim rather than a motion to enforce. (*Id*. at 2.) As relief, Petitioner requests the Court modify the September 10, 2026 minute order in Case No. 1:26-cv-07166-JLT-EPG to reflect the procedural posture of his second habeas petition and TRO as a distinct claim arising under § 2241 rather than a request to enforce this Court's July 24 order. (*Id*.)

On September 17, 2026, Respondents filed an opposition to the TRO and a motion to dismiss the habeas petition on the basis that (1) Petitioner already received a constitutionally adequate bond hearing, (2) he failed to exhaust administrative remedies, and (3) that the successive abuse of the writ doctrine should also apply.[2] (*See* generally, Doc. 16.)

## III. DISCUSSION

### A. Motion to Reconsider

---

[1] Petitioner's request for clarification reads as follows:

> "CLERICAL CASE-NUMBER NOTE. The PACER docket report supplied for the September 8, 2026 action identifies that action as No. 1:26-cv-07166-DC-AC, while the text of the September 10 Minute Order refers to No. 1:26-cv-07199-DC-AC. Petitioner respectfully requests clarification or correction of the new action case number so that all filings are docketed in the intended matter."

(Doc. 15 at 1.) The Court can find no reference to Case No. "1:26-cv-07199-DC-AC" in any docket entries filed in either Case No. 1:26-cv-07166-JLT-EPG or 1:26-cv-05290-JLT-EPG. As such, the Court will disregard the request for clarification.

[2] Because the Court finds that Petitioner did receive a constitutionally compliant bond hearing and has no additional habeas relief at this time, the Court declines to address Respondents' argument the successive abuse of the writ doctrine should also apply.

Reconsideration of this Court's September 10, 2026, Minute Order is unwarranted. A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard of a motion for reconsideration under Fed. R. Civ. P. 59(e)). Reconsideration may be appropriate when necessary to correct a clear or manifest error of law or fact, account for newly discovered evidence, prevent manifest injustice, or address an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)

Local Rule 230(j) requires that "[w]henever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts," the movant must include, in part, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4); *see also Pritchen v. McEwen*, No. 1:10–cv–02008–JLT HC, 2011 WL 2115647, at *1 (E.D.Cal. May 27, 2011) (internal quotations and citations omitted) ("In order to succeed, a party making a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.").

As a threshold matter, the Court's September 10, 2026, Minute Order did not rule upon any pending motion, nor did it "prevent[] merits review of a constitutional injury that accrued after the first judgement." (Doc. 15 at 4.) Rather, the Court issued the order for docket management and to make a preliminary assessment of the nature of Petitioner's filings for the purposes of reassignment. As Petitioner has not identified any new facts or circumstances that did not exist prior to the September 10, 2026 Minute Order, nor has he identified any manifest error of law or fact or an intervening change in controlling law, he fails to demonstrate a basis

for reconsideration. Accordingly, Petitioner's motion for reconsideration (Doc. 15) is **DENIED**.

**B. Habeas Corpus Petition**

1. Legal Standard

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at ¶¶ 52-57.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

Moreover, this Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted); *see also Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985) (The Court's review for abuses of

discretion is limited to those which allege violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions) (citation and quotations omitted). In other words, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020). While district courts are "under no obligation to address [Petitioner's] new arguments under the ambit of ensuring compliance with the earlier order," *Leonardo* 646 F.3d 1157 at 1161, the reviewing court must always bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

2. <u>Exhaustion of Administrative Remedies</u>

In their motion to dismiss, Respondents argue that Petitioner failed to exhaust his administrative remedies before bringing this action because the BIA appeal of the IJ's bond decision remains pending. (Doc. 16 at 3-4.) Furthermore, the argue that Petitioner has not demonstrated compelling legal justification why prudential exhaustion should be excused. (*Id.*)

Title 28 of the United States Code Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted).

The Court waives the prudential exhaustion requirement in this case for habeas petitions seeking relief pursuant to 28 U.S.C § 2241. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047

(9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006); *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion for enforcement motion challenging the legality of a bond hearing because of irreparable harm from prolonging the petitioner's already lengthy detention); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (excusing exhaustion despite the petitioner not making "an explicit showing" of an excuse in the motion to enforce, because the court had previously found ongoing irreparable harm in its previous order).

3. <u>Procedural Due Process</u>

Petitioner contends that he did not receive meaningful due process because "material portions" of the August 4, 2026, bond hearing were not fully interpreted into the Spanish language. (Doc. 11 at ¶ 2.) As support, Petitioner cites *Perez v. Lastor v. INS,* 208 F.3d 773 (9th Cir. 2000) for the proposition that "incompetent interpretation can deny a non-English speaking respondent a full and fair immigration proceeding when the deficiency causes material prejudice." (*Id*. at ¶ 57.) As to prejudice, Petitioner argues that he could not understand descriptions of his criminal history, rehabilitation, family support, employment, sponsor or proposed restrictions and therefore he could not identify any factual errors, correct an omission, or understand why his incarceration would continue. (*Id*. at 58.)

Having carefully considered and reviewed Petitioner's submissions and the digital audio recording of the August 4, 2026, bond hearing, the Court finds that no due process violation occurred, given that Petitioner's counsel waived full interpretation of the bond hearing. (DAR at 00:28 – 00:33.) Respondents note that this case is nearly identical to *Saldana Meza v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-01912-DJC-EFB, 2026 WL 1430934 (E.D. Cal. May 21, 2026). In *Saldana Meza*, the noncitizen complained regarding a lack of translation services at his bond hearing violated his due process rights. *Id*. at *3. The noncitizen was represented by an attorney who waived full interpretation on behalf of his client. *Id*. The IJ in that case found petitioner posed a danger based on his DUI convictions. *Id*. at *4. The court in *Saldana Meza* found that Petitioner did not demonstrate error and substantial prejudice to

establish a due process violation. *Id*. The court also noted that Petitioner did not claim his counsel was ineffective, nor did he provide authority that absent a complete translation, he would plausibly be entitled to relief. *Id*. at *4-5. Here, Petitioner does not acknowledge that he was represented by counsel at the bond hearing, nor does he assert that his counsel was ineffective. Moreover, Petitioner specifically "does not ask the Court to presume a violation or prejudice merely because he says interpretation was incomplete" and acknowledges that "[if] the audio shows complete and competent interpretation, it will permit an informed merits ruling." (Doc. 1 at 59-60.)

As such, the Court adopts the reasoning in *Saldana Meza*, and finds that because Petitioner was provided a constitutionally adequate bond hearing, Petitioner has not demonstrated a violation of his procedural due process rights. Because Petitioner has proffered no other grounds for habeas relief immediate release is inappropriate at this time. For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 11) is **DENIED**.
2. The motion for a temporary restraining order (Doc. 12) is **DENIED AS MOOT.**
3. The motion for reconsideration (Doc. 15) is **DENIED**.
4. The motion to dismiss (Doc. 16.) is **GRANTED IN PART**.
5. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated: September 23, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE